### HAUCK BREWING CO. v. GISEKE ET AL.

BILL OF EXCEPTIONS RENDERED, INVALID WHEN—

A bill of exceptions is probably rendered invalid where subsequent to its being signed, sealed and allowed, special charges asked and refused are added thereto and the bill as thus enlarged is not resigned and sealed and allowed.

SWING, J.

We think it very doubtful whether there is any bill of exceptions here for us to consider. The record discloses that on March 30, 1895, a bill of exceptions was allowed, signed and sealed and made a part of the record. And it further discloses the following entry on the journal of the court:

"It appearing to the court that the special charges asked by the plaintiff and special charges asked by the defendant and ruled on by the court were by inadvertence omitted from the bill of exceptions, heretofore, to-wit, March 30, 1895, allowed by the court and filed herein, on motion of the defendant it is ordered that the entry allowing said bill of exceptions and the filing thereof be and the same are hereby set aside and held for naught. And now comes the defendant and presents to the court his certain bill of exceptions, embodying all the evidence and the charges of the court, which having been examined by plaintiff's counsel, and being found by the court to be true, is allowed, signed and sealed, and on motion is hereby made part of the record of this case."

Which entry was made April 27, 1895.

We find a bill of exceptions among the papers which was signed by the judge, not on March 30 or April 27, but on April 5.

On the cover of the bill appears the following indorsement :

"The within now includes the special charges inadvertently omitted when the bill was first filed, and it is ordered refiled as of this date.

"HOWARD C. HOLLISTER, *Judge*.

"April 27, 1895."

The journal entry set aside the allowance and signing of the bill as of March 30, and says that the judge on April 27 signed and sealed a true bill which is made a part of the record; but no bill is found which is signed and allowed as a bill of exceptions, but instead we find the

Railroad Co. v. Levi & Ottenheimer.

above on the bill, which says the bill is refiled as of that date. Ordering a bill to be refiled can hardly be considered as equivalent to signing, sealing and allowing a bill, and was hardly so considered by the judge as what the judge did was simply to endorse the above words on the cover of the bill and not in the place usual for the signing of the bill, to-wit, at the end of the bill; and if the bill was not signed and allowed on April 27, 1895, there is admittedly no bill of exceptions here.

But without regard to this question, we have gone over the whole record and considered all the questions raised by the plaintiff in error, with the result that we find no error in the record.

The judgment will therefore be affirmed.

*Von Seggern & Dewald*, for plaintiff.

*Corcoran & Corcoran*, for defendant.